WILLIAM INSKEEP and JOHN INSKEEP *vs*. SUSAN SHIELDS and others.

Trespass quare clausum fregit may be maintained against a wrong-doer by a person having a naked possession, without title; but not against a person having title.

Title by occupancy and use, what? Adverse possession; mixed possession; what? and how marked?

A fact recited in a deed, will be taken to be true against the parties to the deed, and all claiming under them; and they are estopped forever from denying the truth of what is so solemnly affirmed.

THIS was an action of trespass quare clausum fregit, for breaking the plaintiff's close, and cutting down timber trees and carrying them away. The pleas were not guilty, and liberum tenementum in Susan Shields, one of the defendants, by whose command the other defendants entered. To the second plea the plaintiff made a new assignment. The defendants pleaded to the new assignment, not guilty; and issue was joined.

The trial was had at New Castle, at November term, 1845. It involved title to a small piece of land (about three acres) near plaintiffs' mill-dam; and adjoining to, or a part of defendants' farm. A mass of evidence, written and oral was introduced; the plaintiffs relying mainly on possession, and frequent use of the land, for a great number of years, for repairing their dam. They also put in a deed which they supposed to be a part of defendants' title, and which *excluded* this lot. The defendants claimed that it was a mixed possession; that any title which the plaintiffs had shown by paper, amounted to no more than an *easement;* and that a recital to one of his title deeds recognized the right in defendants' ancestor, and bound them by way of estoppel.

The points in dispute, both of law and fact, appear from the charge.

BOOTH, *Chief Justice.*—Plaintiffs must show : 1st. That they were in the actual and immediate possession of the premises where the trespass is alledged to have been committed at the time of the trespass. 2d. That the trespass complained of was committed by the defendants.

1. What is termed a mere naked possession, that is, a possession without right or title, or interest in the land, is sufficient to maintain this action against a wrong-doer. (*Browne* 212, 413; 45 *Law Lib.* 44.) It is sufficient against every person, except the person who has the legal right, title, or interest in the premises. Therefore, if the defendant, Miss Shields, has shown the legal title to be in her, neither

she nor the other defendants, acting under her authority, are tres-passers; and if such title has been shown, the plaintiffs cannot re-cover in this action. The plaintiffs may show that they have ac-quired a legal title, either by a chaim of paper title, that is, by deeds of conveyance to them, or to those under whom they claim, or by an adverse possession. Such adverse possession must be exclusive; hostile to the right of ownership of all others; continued so for at least twenty years, and must be marked by definite and distinct bounda-ries. But in this State it has not been considered necessary that such boundaries should be indicated by fences.

If it appears that there was a mixed possession in respect to this lot; that is, if acts of ownership have from time to time been exer-cised by both parties, the law adjudges the possession to be in that party who shows a legal title.

Both the plaintiffs must be shown to be in the actual possession at the time of the commission of the trespass. If only one be in pos-session, unless it be shown that he is a joint tenant, tenant in common, or co-parcener with his co-plaintiff, this action cannot be supported. It is a misjoinder of parties, and is such a defect, that if it appears on the face of the plaintiffs' declaration, it is fatal upon a general de-murrer, or a motion in arrest of judgment, or on a writ of error. And if it appears on the trial of the cause, the plaintiffs cannot re-cover.

If the plaintiffs have shown that they were both in the actual and im-mediate possession at the time of the trespass, they must, secondly, show that the defendants, or one of them, committed the trespass. Not only those who actually commit a trespass are guilty, but those who di-rect or order it to be done. The defendants plead the general issue, and alledge that the freehold was in Miss Shields, and that the other defendants acted by her authority. This makes it necessary for the plaintiffs to prove all the allegations before mentioned as essential to maintain this action. If the defendant has shown a legal title in herself, either by deeds of conveyance, or by an adverse possession of such nature as before mentioned, the verdict ought to be for the defendants.

The defendants contend that as the plaintiffs claim under the deed of Wm. Patterson and wife, to Samuel Patterson, dated July 28, 1780, they are bound by all the recitals in that deed, and cannot gainsay them. This is on the principle of what is called in law an *estoppel.*

A person is said to be estopped when he has done some act which

the policy of the law will not permit him to deny. Its foundation is laid in the obligation which every man is under to speak and act according to the truth of the case, and in the policy of the law to prevent the many evils resulting from uncertainty, confusion, and want of confidence in the intercourse of men, if they are permitted to deny that which they have deliberately and solemnly asserted and received as true.

Hence, if there be a recital of facts in a deed, there is a solemn engagement by the parties to the deed that the facts are true as they are recited. In a deed of conveyance of lands, the general rule is, that all parties to the deed and those claiming under them, are bound by the recitals in the deed which operate on the interest in the land conveyed, and are estopped from denying that those recitals are true.

Verdict for plaintiffs.

*Gray,* for plaintiffs.
*Rodney,* for defendants.